# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 CV 2738 | **DATE** | November 15, 2010 |
| **CASE TITLE** | *CSX v. Pacific Rail* | | |

**DOCKET ENTRY TEXT**

For the reasons detailed below, CSX's Motion to Alter or Amend Judgment [151-1] is granted; Pacific Rail's Motion to Alter or Amend Judgment [155-1] is granted in part and denied in part; and CSX's Motion for Clarification and/or Rule 59(e) Motion for Prejudgment Interest [161-1] is granted. As a result, the court's order of February 26, 2010, is vacated in part and amended as detailed below. Additionally, Pacific Rail's Motion for Review of Costs [174-1] is granted in part and denied in part; and CSX's Motion for Review of Costs [176-1] is granted in part and denied in part. As a result, Pacific Rail is entitled to costs in the amount of $12,867.64, while CSX is entitled to costs in the amount of $13,501.57.

■ [ For further details see text below.]     Docketing to mail notices.

00:00

### STATEMENT

On February 26, 2010, the court entered a Memorandum and Order making findings of fact and conclusions of law resolving the disputes between the parties, which were presented to the court without a jury. Before the court are two motions to alter or amend the judgment under Federal Rules of Civil Procedure 52(b) and/or 59(e), as well as one motion for clarification, and two motions to review costs awarded the parties under Federal Rule of Civil Procedure 54(d)(1). The court considers each motion in turn.

**CSX's Motion to Alter or Amend Judgment [151-1]**

CSX seeks to alter the court's conclusion that CSX must reimburse Pacific Rail for the $666,406.77 Pacific Rail spent defending itself in a state wrongful death lawsuit. The court concluded that Pacific Rail was entitled to be reimbursed because under Florida's wrongful act doctrine, "where the wrongful act of the defendant has placed the claimant in such relation with others as makes it necessary to incur expenses to protect its interests, such costs and expenses, including reasonable attorney's fees upon appropriate proof, may be recovered as an element of damages." *Robbins v. McGrath*, 955 So. 2d 633, 634 (Fla. App. Ct. 2007). However, CSX notes that the doctrine applies only to costs and fees incurred in litigation with others. *See Tew v. Chase Manhattan Bank, N.A.*, 728 F. Supp. 1551, 1561 (S.D. Fla. 1990) ("In a direct action by the wronged party against the defendant who caused involvement in the litigation with the third party, the American Rule applies," meaning that each party pays its own attorney's fees). The attorneys fees Pacific Rail seeks to recover are those it incurred in the state wrongful death lawsuit when it defended against a third-party complaint filed by CSX. Because those fees were incurred in a direct action filed by CSX against Pacific Rail, Florida's wrongful act doctrine is inapplicable.

Because Pacific Rail was not entitled to recover its fees under Florida's wrongful act doctrine, the court now addresses the only alternative basis for fees identified by Pacific Rail—§ 9.3 of the Lift Services Agreement.

Section 9.3 reads as follows:

> 9.3 <u>Release of Liability</u>. Neither CSXI nor any Affiliate . . . shall be liable for, and [Pacific Rail] hereby releases all claims, liabilities, demands, damages, losses, costs and expenses, including attorneys' fees and expenses, against CSXI and any Affiliate with respect to, any injury to or death of persons or damage to or loss of property arising from or in connection with or caused (in whole or in part) by the condition or use of any part of the Terminal or storage yard to the condition of any equipment or other property . . . This release shall not extend to any injury to or death of person or damage to or loss of property to the extent caused by the negligence or willful misconduct of CSXI.

Lift Services Agreement (Joint Trial Exhibit 1) at 10-11.

Pacific Rail interprets § 9.3 to operate as follows with regards to attorneys' fees: CSX is not liable for attorneys' fees, and Pacific Rail releases all claims for attorneys' fees, except to the extent that injury or death was caused by CSX's negligence or willful misconduct. Because the court has determined that the collapse of crane 4087 was caused by CSX's negligence, Pacific Rail contends that CSX is therefore liable for attorneys' fees under § 9.3.

Contracts must be interpreted in accordance with the plain meaning of the language used. *See Palm Beach Pain Management, Inc. v. Carroll*, 7 So. 3d 1144, 1145 (Fla. Dist. App. Ct. 2009) (applying Florida law). The title of § 9.3 is "Release of Liability." According to the Release of Liability as quoted above,, "[t]his release *shall not extend* to any injury to or death of person or damage to or loss of property to the extent caused by the negligence or willful misconduct of CSXI". Thus, § 9.3 cannot create liability for attorneys' fees in the event of CSX's negligence because, given CSX's negligence, § 9.3 does not operate at all.

Accordingly, Pacific Rail has identified no stauttory or contractual provision under which CSX must pay Pacific Rail's attorneys' fees incurred defending itself in the state court proceeding. As a result, the court erred when it granted judgment to Pacific Rail on Count III of its complaint and awarded Pacific Rail damages in the amount of $666,406.77. Therefore, the portion of the court's February 26, 2010, order granting judgment to Pacific Rail on Count III of its complaint is vacated, and judgment on that count is entered in favor of CSX.

**Pacific Rail's Motion to Alter or Amend Judgment [155-1]**

In its motion to alter or amend, Pacific Rail raises the following three issues:

*Insurance Coverage (Count I of CSX's Complaint and Pacific Rail's First Affirmative Defense)*

In an order dated August 20, 2008, this court granted judgment on the pleadings to CSX as to liability on Count I of its complaint, in which it alleged that Pacific Rail breached the parties' Lift Services Agreement by failing to procure insurance that covered CSX's negligence. The court also granted judgment to CSX on Pacific Rail's first affirmative defense that CSX was estopped from claiming breach of contract because it never objected to the adequacy of the policy after Pacific Rail provided a copy of the policy to CSX as required under the Lift Services Agreement. In an order dated February 26, 2010, the court then entered judgment on Count I of CSX's complaint in the amount of $2 million.

Pacific Rail has repeatedly apprised the court of its disagreement with the court's conclusion that it failed to procure adequate insurance coverage, including during briefing of motions in limine and in its proposed findings of fact and conclusions of law filed after trial. And it does so again in its motion to alter or amend.

Motions to alter or amend a judgment, whether filed under Rule 52(b) or 59(e), do not give litigants an opportunity to merely rehash previously raised arguments, but rather are "intended to correct manifest errors of law or fact or to present newly-discovered evidence." *United States ex rel. Russo v. Attorney General of Illinois*, 780 F.2d 712, 715 n.4 (7th Cir. 1986). Pacific Rail's arguments on the issue of insurance coverage merely rehash arguments the court has previously rejected. Accordingly, Pacific Rail's motion to alter or amend its August 20, 2008, and February 26, 2010, orders addressing Count I of CSX's complaint and Pacific Rail's first affirmative defense is denied.

### *Declaratory Judgment (Count I of Pacific Rail's Amended Complaint)*

In its order of February 26, 2010, the court granted judgment "to CSX on the portion of Count I [of Pacific Rail's Amended Complaint] that seeks a declaratory judgment that CSX breached the Lift Services Agreement by failing to maintain the crane." However, Pacific Rail dropped that request for relief from its amended complaint. Accordingly, that portion of the February 26, 2010, order is vacated. New to the amended complaint was a request for a declaratory judgment that CSX was not entitled to indemnification under §§ 9.4.1 and 9.4.2 of the Lift Services Agreement because of its own negligence. The court erred in not addressing that request for relief. Consistent with the court's entry of judgment in favor of Pacific Rail on Count II of CSX's amended complaint (in which CSX alleged that Pacific Rail breached the Lift Services Agreement by failing to indemnify CSX), the court enters judgments in favor of Pacific Rail on the portion of Count I of its complaint in which it seeks a declaratory judgment that CSX is not entitled to indemnification.

### *Attorneys' Fees (Counts I, II and III of Pacific Rail's Amended Complaint)*

The court's order of February 26, 2010, also rejected Pacific Rail's request for attorneys' fees incurred in the instant litigation because "Pacific Rail has identified no basis—contractual or otherwise—for awarding fees." Pacific Rail disagrees, noting that it requested fees in its amended complaint, and then presented arguments and authority to support its request in its post-trial reply brief filed in support of its Proposed Findings of Fact and Conclusions of Law. By waiting until its reply brief to first identify any basis for awarding fees or to offer any argument why it was entitled to attorneys' fees under Florida Statute § 57.105(7), it denied CSX any opportunity to address the issue, which is why arguments raised for the first time in a reply brief are forfeited. *See Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010). It also failed to include an award of fees in the proposed judgment included in its Proposed Findings of Fact and Conclusion of Law. *See* Pacific Rail's Proposed Findings of Fact and Conclusion of Law [140-1] at 99-100. Accordingly, Pacific Rail has presented no basis for altering or amending the court's judgment as to this issue.

**CSX's Motion for Clarification and/or Rule 59(e) Motion for Prejudgment Interest [161-1]**

With the hope that the parties could come to an agreement on issues that remained outstanding after its February 26, 2010, order, the court directed them to engage in the type of exchange contemplated by Local Rule 54.3. Admittedly, Rule 54.3 addresses requests for fees and related nontaxable expenses, but the court had anticipated the parties' exchanges would have included discussions of costs and interest. Regrettably the court did not express its intentions explicitly with the result that no such exchange has occurred. Therefore, the court shall turn to CSX's arguments for prejudgment interest on the $2,000,000 in damages awarded on

Count I of its complaint.

CSX contends that it is entitled to prejudgment interest under Florida Statutes § 687.01, under which prejudgment interest is to be awarded at a rate set annually by Florida's Chief Financial Officer. Using the applicable rates through the entry of judgment (which varied from 11% in 2007 to 6% in 2010), CSX calculated the amount of prejudgment interest to be $569,005.20.

Pacific Rail has not challenged CSX's calculations. Instead, it argues that CSX is not entitled to prejudgment interest for two reasons: (1) it waived its right to prejudgment interest under § 687.01 by failing to request it in the amended complaint or in any subsequent filing until the Rule 59(e) motion; and (2) the Lift Services Agreement did not provide for prejudgment interest.

### *Waiver*

First, Pacific Rail contends that CSX waived its right to prejudgment interest by claiming it only under § 14.2 of the Lift Services Agreement (a claim the court denied) rather than under § 687.01. However, in Count I of the amended complaint, CSX sought "pre- and post-judgment interest, including interest pursuant to Section 14.2 of the Lift Services Agreement." Although CSX referred explicitly only to § 14.2, it did not confine the scope of its request to that section.

Alternatively, Pacific Rail argues that CSX forfeited its right to prejudgment interest by failing to request it in any of its post-complaint, pre-judgment filings such as its trial brief and its proposed findings of fact and conclusions of law. However, Pacific Rail has cited no authority that a request for prejudgment interest must be raised in such filings. In fact, under Florida law, prejudgment interest does not even need to be pled, and simply becomes "a non-discretionary [award] once the amount of loss is ascertained." *Mercedes-Benz of North America, Inc. v. Florescue & Andrews Invs., Inc.*, 653 So. 2d 1067, 1067 (Fla. Dist. App. Ct. 1995); *see also Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985) ("it is a purely ministerial duty of the trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of damages awarded in the verdict").

Accordingly, CSX has not waived its right to prejudgment interest.

### *Lift Services Agreement*

Pacific Rail also argues that CSX is not entitled to prejudgment interest under § 687.01 because the Lift Services Agreement "had a specific provision for interest," but only for litigation-related expenses. Pacific Rail contends that because the Lift Services Agreement addresses only litigation expenses, the parties intended that no prejudgment interest be paid on non-litigation expenses, such as the $2 million cost to settle the state wrongful death proceeding. However, under Florida law prejudgment interest under § 687.01 is waived only through language that "expressly and specifically" waives it. *See Nielsen-Miller Constr. Co. v. Pantlin/Prescott, Inc.*, 602 So. 2d 1366, 1368 (Fla. Dist. App. Ct. 1992). Silence is insufficient to constitute waiver. *Id.*

Accordingly, Pacific Rail has identified no provision of the Lift Services Agreement that waives CSX's entitlement to prejudgment interest. Therefore, CSX's motion for prejudgment interest is granted, and prejudgment interest is awarded in the amount of $569,005.20.

| STATEMENT |
|---|

**Pacific Rail's Motion for Review of Costs [174-1]**

Pacific Rail objects to the $20,479.47 in costs that CSX seeks under Federal Rule of Civil Procedure 54(d). First, Pacific Rail argues that CSX is not entitled to costs under Rule 54(d) because it is not a prevailing party. Whether a party is a prevailing party is determined under the significant issues test articulated in *Hensley v. Eckerhart*, where the Supreme Court held that a party prevailed "if they succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. 424, 433 (1983) (internal quotation marks and citation omitted). A party may be a prevailing party even if it prevailed on less than all of its claims. *First Commodity Traders, Inc. v. Heinhold*, 766 F.2d 1007, 1015 (7th Cir. 1985). The district court may deny a prevailing party's costs if, in the court's discretion, it determines that a particular cost sought was not reasonable and necessary. *See U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 334 (7th Cir. 2009).

The significant issues raised in this consolidated proceeding (which began as separate cases, 07 CV 2738 filed by CSX, and 07 CV 4185 filed by Pacific Rail) included (1) whether Pacific Rail was liable for the $2 million share of the money CSX paid to settle the state wrongful death proceeding under either a theory of indemnification or breach of contract, and (2) whether Pacific Rail was liable for the $1.2 million cost to replace the crane that collapsed and costs related to the clean-up of the collapsed crane under a theory of indemnification. Though CSX did not prevail on its claim of indemnification, it did prevail on its claim of breach of contract, entitling it to $2 million in damages. Because CSX prevailed on a significant issue in its claims, Pacific Rail's argument that CSX is not entitled to costs because it was not a prevailing party is unavailing.

Alternatively, Pacific Rail argues that any award of costs should be limited to the costs that CSX incurred prosecuting its breach of contract claim (Count I). Pacific Rail contends that the following costs should be excluded because they did not relate to Count I:

| | |
|---|---|
| $300 | trial subpoenas issued to Michael Taylor, Stephen Logan, Kerry Hammar and Frank Caminata of Central Intermodal |
| $310 | witness fees for Michael Taylor, Stephen Logan, Kerry Hammar, and Frank Caminata of Central Intermodal |
| $2,682.90 | deposition transcripts of Edward Holmes, Rodney Schaeffer, Tom Carignan, and Beldon Rich |
| $3,079.35 | cost of trial transcript |
| $4,343.18 | copying costs |

The $300 in subpoena fees, $610 in witness fees, and $2,682.90 for transcripts of depositions that CSX seeks were for witnesses it hoped would establish that the crane's collapse was not the result of its own negligence. CSX did not succeed on that issue and, therefore, CSX is not entitled to those costs. *See Chamberlain Mfg. Corp. v. Maremont Corp.*, Case No. 92 CV 356, 1995 WL 769782, at *4 (N.D. Ill. Dec. 29, 1995) ("A partially prevailing plaintiff should be compensated for the legal expenses he would have borne if his suit had been confined to the ground on which he prevailed plus related costs.") (internal quotation marks and citation omitted).

| STATEMENT |
|---|

As for the trial transcript and copying costs, even if the issue of CSX's negligence had not been litigated, the trial would still have occurred on the remaining issues and, therefore, CSX would have incurred those same costs. Accordingly, Pacific Rail's argument that CSX is not entitled to those costs is unavailing.

Pacific Rail also objects to the $3,385.00 cost to videotape the depositions of Linda Miller, Thomas Scherting, Edward Holmes, and Tom Carignan. The cost of transcripts and videotapes of the same deposition can be recovered only if both were necessary and reasonable. *See Bogan v. City of Chicago*, No. 09 CV 3852, 2010 WL 2635789, at *1 (N.D. Ill., June 28, 2010). CSX argues that both the transcript and videotape were necessary and reasonable for two reasons. First, it contends that "CSX obviously had no way of knowing, at the time these depositions were taken, which witnesses actually would appear." Response [183-1] at 7. However, it does not contend that the witnesses were outside the subpoena power of the court and, therefore, the court presumably could have compelled their appearance at trial. Second, CSX contends that videotaping the depositions was necessary because it did not know whether "they would testify [at trial] consistently with the deposition testimony." *Id.* However, the potential to use the videotape to impeach a witness at trial is not a sufficient basis for taxing the cost of obtaining the videotape. *See Rockett v. Marten Transp., Ltd.*, No. 99 CV 3957, 2002 WL 54545, at *1 (N.D. Ill. Jan.15, 2002) ("If defendants want that impeachment 'edge,' however, they must pay for it themselves."). Accordingly, CSX is not entitled to the $3,385.00 costs to videotape the depositions.

**CSX's Motion for Review of Costs [176-1]**

CSX objects to the $12,984.14 in costs that Pacific Rail seeks under Rule 54(d). In support, it argues that Pacific Rail is not entitled to costs under Rule 54(d) because it is not a prevailing party. However, Pacific Rail successfully defended itself against CSX's claim that Pacific Rail breached the indemnification clause of the parties' Lift Services Agreement. Had Pacific Rail not succeeded on that claim, it would have been liable to CSX for the additional amount of $1.2 million, the amount of damages to and caused by the crane that collapsed. Therefore, in an exercise of its discretion, the court finds that Pacific Rail also prevailed on a significant issue in this litigation and, therefore, is also entitled to costs under Rule 54(d).

Alternatively, CSX argues that Pacific Rail is not entitled to recover the costs to obtain transcripts of the depositions of John Alton Brace ($616.85), Michael Erenberg ($310.25), Robert Sleeker ($368.65), and Thomas Scherting ($116.50) because their testimony related to CSX's claim that Pacific Rail failed to procure adequate insurance, a claim on which CSX prevailed. However, Brace, Erenberg, and Sleeker also testified about the value of the crane under the indemnity clause of the Lift Services Agreement, an issue on which Pacific Rail prevailed. Therefore, the costs for their depositions transcripts are taxable, and the only transcript cost that Pacific Rail cannot recover is Scherting's ($116.50).

## CONCLUSION

For the reasons stated above, the court's February 26, 2010, order is amended as follows:

- the order that CSX must reimburse Pacific Rail $666,406.77 for defense costs under Count III of Pacific Rail's amended complaint is vacated. As a result, the court's statement that the damages CSX is due under Count I of its amended complaint is offset by the damages Pacific Rail is due under Count III of its amended complaint is also vacated. Instead, judgment is entered in favor of CSX in Count III of Pacific Rail's amended complaint;

| STATEMENT |
|---|

- the order granting Pacific Rail's request in Count I of its amended complaint for a declaratory judgment that CSX failed to maintain the crane is vacated and, instead, the court grants Pacific Rail's request for a declaratory judgment that CSX is not entitled to indemnification;

- CSX's request for prejudgment interest is granted, and it is awarded prejudgment interest in the amount of $569,005.20;

- CSX's request for costs in the amount of $20,479.47 is reduced by $6,977.90, and costs are awarded in the amount of $13,501.57; and

- Pacific Rail's request for costs in the amount of $12,984.14 is reduced by $116.50, and costs are awarded in the amount of $12,867.64.

rs/cpb